THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* MIGUEL A. DELGADO MONTAÑEZ, Defendant and Appellant.

No. CR-64-397. Decided October 21, 1965.

*Víctor Tirado Saltares* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Nilita Vientós Gastón, Assistant Solicitor General,* for The People.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

May a person convicted of the offense of attempt to commit burglary be granted the benefit of a suspended sentence? We conclude that he may on the following grounds.

Appellant, Miguel A. Delgado Montañez, and Rafael Hernández González were jointly accused and convicted of the offense of attempt to commit burglary in the first degree. The right to be tried by jury having been waived, the case was heard by the court.

### Facts of the Case

On the night of February 24, 1963, the police patrol in Humacao took appellant by surprise as well as Hernández González while they "pushed" or "shook" and "struggled" with the entrance door of a supermarket. The police sergeant in command of the patrol testified that the defendants went out running when they were caught and that the other two patrol policemen overtook them at the public square of Humacao and brought them to the door in question which was found open. Policeman Cabrera's testimony was limited to the fact that the vehicle wherein he was patrolling that night stopped in front of the supermarket to leave the sergeant there and immediately went out in

pursuit of defendants. Appellant testified that that night he was going from the White Castle, where there was a dance, to his house in Patagonia, a Ward of Humacao. On the way they entered Frías' bar to drink beer; that "on the way back the police arrived and we were already in the middle of the square. . . . Then they stopped us, they called us, they were at a distance of about 40 feet"; that he had never before been accused of any offense; that he was 22 years old; that he had never been near the supermarket nor "tampered" with its door. At the close of the evidence, the trial court found both defendants guilty of the offense of attempt to commit burglary in the first degree. The defense requested that "the case be taken to the Probation Officer to see if they deserve to be put on probation." Upon examination by the trial judge, Hernández González said that he had been in jail "this same year after the occurrence of the case, shortly thereafter, I was caught with a gallon of clandestine rum." The Probation Officer was ordered to make an investigation to determine whether the persons convicted qualified to be placed on probation. Having waived the filing of the report of the Probation Officer, Hernández González was sentenced to serve six months in jail, crediting him any incarceration prior to trial for this same offense. He did not appeal. The Adult Probation Officer informed the court that appellant "did not qualify for probation because at the time the offense was committed he was over 21 years of age"; that this information was based on the decision of the court itself rendered on May 1, 1963 in the case of *People* v. *Viera*, similar to appellant's case. The court sentenced appellant to imprisonment in the penitentiary for a term of from one to two years.

### Errors Assigned

On appeal, appellant assigns two errors:

*First Error*: "The trial court committed prejudicial error

in deciding that the offense of attempt to commit burglary in the first degree is excluded from the benefits of suspended sentence."

 Second Error: "The sentence of from one to two years in the penitentiary for the offense of attempt to commit burglary in the first degree is excessive as to appellant in view of the fact that the court sentenced codefendant, Rafael Hernández—from whom a master key was seized from his pockets and who had penal antecedents—to serve only six months in jail."

 1. The judges of the Superior Court are authorized, in the exercise of their discretion, to grant suspended sentences in any felony case, except first-degree murder, and in every case of misdemeanor arising from facts in the felony and not excluded, provided the convicted person was under 21 years of age on the date the offense was committed. (34 L.P.R.A. § 1042.) Doubtlessly the aforementioned report of the Probation Officer was based on said legal provision. It is evident, however, that it was not taken into consideration that this age limit does not bar the discretion of the court from suspending the effects of a sentence pursuant to § 2 of Act No. 259 of April 3, 1946 (34 L.P.R.A. § 1027) amended by Act No. 61 of June 19, 1965. This provision authorizes said court to suspend the effects of the sentence entered in any case of felony, which is not murder, robbery, incest, extortion, rape, infamous crime against nature, larceny, kidnapping, or *burglary*, as well as of the ones entered in cases of misdemeanors arising from the same facts or transaction which would have justified a sentence for a felony case not excluded. Therefore, the court in this case could have requested another report from the Probation Officer, in accordance with the provisions of the aforesaid § 2. Since it is an Act intended to benefit the convicted person and the attempt to commit burglary is not specifically included in the enumeration of the cases of the offenses in which by operation of the law the court is precluded from granting the act of grace or clemency of a sus-

746

pended sentence, we conclude that in this case the trial court has discretion to grant it. *People* v. *López Rivera,* 89 P.R.R. 774 (1964); *cf. People* v. *Superior Court,* judgment rendered September 16, 1965; *Schaefer* v. *Superior Court,* 248 P.2d 450 (Cal. 1952); and *Meléndez* v. *Superior Court,* 90 P.R.R. 639 (1964); *cf. Cabán Torres* v. *Delgado, Warden, ante,* p. 506, Quarles, *Some Principles of Statutory Construction Problems and Approaches in Criminal Law,* 3 Vand. L. Rev. 531 (1950). When it has been sought to exclude from the grace of a. suspended sentence a case of *attempt,* it has been so expressly provided in the Act. California Penal Code, § 1203.

2. .Considering all the attendant circumstances it seems to us that the sentence imposed upon appellant.is excessive.

■ In view of the foregoing, and in the use of our discretion, the sentence imposed on appellant is modified by reducing it to a term of from six months to two years in the penitentiary. The case will be remanded to the Superior Court, Humacao Part, in order that ·it shall consider the possibility of granting appellant the act of grace or clemency of a suspended sentence, if applicable. *People* v. *Pachot,* judgment of September 16, 1965; *People* v. *Santana,* per curiam decision of June 1, 1964; *People* v. *Sánchez González,* 90 P.R.R. 192 (1964).

Mr. Justice Hernández Matos did not participate.